James L. Emerson Crawford County Counselor 2nd Floor, Courthouse Girard, Kansas 66743
Dear Mr. Emerson:
You request an opinion concerning whether a district court can order a defendant to be committed to a specific county jail. We understand that the Crawford county jail suffers from overcrowding and the sheriff regularly transfers inmates who are awaiting trial or serving sentences to other jails once they are committed to his care and custody in order to alleviate the crowded conditions. You indicate that the district court has been committing certain defendants to the Crawford county jail so that defense attorneys will have easier access to their clients. The sheriff believes that this action may preclude him from transferring these defendants to other jails.
We view this issue primarily from a separation of powers perspective but acknowledge sixth amendment concerns. The separation of powers doctrine is designed to avoid a dangerous concentration of power and to allow respective powers to be assigned to the department best suited to exercise them. Leek v.Theis, 217 Kan. 784, 805 (1975).
The judicial power encompasses the power to interpret and apply the laws, while the executive power is the power to enforce the laws. Van Sickle v. Shanahan, 212 Kan. 426 (1973). When the legislature confers power in general terms upon an official without prescribing the details for the exercise of that power, the courts cannot interfere with that official's discretionary methods of performing his or her public duty intended by the legislature in granting such powers. Baker v. USD 346,206 Kan. 581 (1971).
The legislature has given to the sheriff the power and the responsibility to "keep the jail." K.S.A. 19-1903. This power may be compromised if a district court attempts to limit the sheriff's authority to transfer inmates to alleviate overcrowding.
The sixth amendment encompasses the right of a criminal defendant to have reasonable access to his or her attorney. 22 C.J.S.Criminal Law sec. 313. However, even if reasonable access is denied, the defendant must establish that such denial prejudiced him or her to such a degree that the right to effective assistance of counsel was abridged. United States v. Morrison, 449 U.S. 361,66 L.Ed.2d 564, 101 S.Ct. 665 (1981). Whether the movement of a defendant from the Crawford county jail to another jail prevents "reasonable access" to defense counsel to such a degree that it prejudices the defense will depend upon the facts and, therefore, we cannot conclude that there is a blanket sixth amendment violation if such a transfer occurs. While we acknowledge the sixth amendment issues, it is our opinion that a district court generally should not intrude upon the sheriff's statutory duty to operate the jail by issuing an order that precludes the sheriff from transferring a defendant to another jail to alleviate overcrowding.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm